IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES EDWARD BOYD, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:11-CV-459 (MTT) |
| | : | |
| WARDEN J. DARRELL HART, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner James Edward Boyd's 28 U.S.C. § 2254 petition seeking habeas corpus relief. Doc. 1. Because Petitioner's six grounds for relief are either procedurally defaulted or fail to state a claim, **IT IS RECOMMENDED** that the instant petition be **DENIED**.

PROCEDURAL HISTORY

On January 12, 2005, a Peach County Grand Jury indicted Petitioner for rape, aggravated assault with intent to rape, aggravated assault, and kidnapping with bodily injury. Doc 17-1 at 116-18. Following a jury trial, Petitioner was found guilty of aggravated assault with intent to rape, aggravated assault, and the lesser included offense of false imprisonment on August 31, 2005. Doc. 17-2 at 20. Petitioner was sentenced to twenty years on each aggravated assault charge to run concurrently and ten years on the false imprisonment charge to run consecutively. Id. As such, Petitioner was sentenced to a total of thirty years imprisonment. Id.

Petitioner filed a direct appeal through new appellate counsel. Id. at 49. On appeal, Petitioner raised the following grounds:

1. the evidence was insufficient as to venue regarding the aggravated assault with intent to rape charge;

2. the two aggravated assault charges should have merged;

3. the court failed to instruct the jury regarding the use of hands as deadly weapons;

4. the prosecutor improperly expressed a personal belief in the veracity of the victim in closing argument; and,

5. ineffective assistance of trial counsel for failing to raise the issues above at trial.

Doc. 17-1 at 70-71. On January 16, 2008, the Georgia Court of Appeals denied Petitioner's appeal and affirmed his convictions and sentences. Boyd v. State, 289 Ga. App. 342 (1998). Petitioner then filed a motion for reconsideration, which was denied on January 28, 2008. Id. The Georgia Supreme Court denied Petitioner's petition for a writ of certiorari on May 19, 2008. Id.

On November 17, 2008, Petitioner filed a state habeas corpus petition raising various claims of ineffective trial and appellate counsel. Docs. 9-2, 9-3. Following an evidentiary hearing, the state habeas court denied Petitioner relief on August 5, 2010. Doc. 9-3. The Georgia Supreme Court then denied Petitioner's application for a certificate of probable cause to appeal on November 7, 2011. Doc. 9-4. On November 18, 2011, Petitioner filed the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254. Doc. 1.

STATEMENT OF FACTS

In accordance with 28 U.S.C. § 2254(e)(1), and for the purpose of considering the instant petition, the facts as found by the Georgia Court of Appeals on direct appeal of Petitioner's criminal case are adopted by this court. These facts are as follows:

> So viewed, the evidence shows that Boyd lived with a woman whose 16-year-old daughter also lived at the residence. At 6:30 a.m. one morning after the mother had left for work, Boyd entered the daughter's bedroom and, placing his hand on the daughter's mouth while she lay in bed, forced her to turn over onto her back. He forcibly removed her clothes and threatened her that he would "pop her neck" if she did not open her legs. He then tried to insert his private into her private but was unsuccessful. Frustrated, he slapped her face twice and tried again, but to no avail. He took her to the hallway, demanded that she keep her legs open, and then

returned her to the bedroom, where he once again unsuccessfully tried to penetrate her.

Boyd took her to the kitchen, where he allowed her to prepare some food. When she tried to leave via the back door, he grabbed her and forced her back to the bedroom. After remonstrating with her for trying to escape, he heard the child's grandmother knocking at the front door around noon. He placed his hands around the daughter's neck and began strangling her to prevent her from crying out. She eventually passed out from the strangling and woke up on the bed. Boyd once again tried to force intercourse on her, but was unsuccessful.

When the mother returned home from work around 3:00 p.m., Boyd left, and the daughter immediately told the mother of the attack. They went to the grandmother's nearby residence and called police. Taken to a hospital, the daughter exhibited (i) signs of strangulation in that her eyes showed burst blood vessels or petechia and her neck showed hand prints as well as severe bruising and scratches, (ii) injuries from the slapping in that her face was swollen and red, and (iii) signs of sexual assault in that her hymen was bruised and there were abrasions near her vagina.

Boyd, 289 Ga. App. at 342-43.

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2254(e)(2).  After a review of the record in this case, and in light of the above fact statement, no evidentiary hearing is warranted in this case.

LEGAL STANDARD

In accordance with the provisions of 28 U.S.C. § 2254(d), a federal court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir.2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id. Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

DISCUSSION

Petitioner raises six grounds for relief in his federal habeas corpus petition. In Ground One, Petitioner alleges that his conviction was obtained under a fatally defective indictment in violation of his constitutional rights. In Ground Two, Petitioner alleges that his conviction was

4

obtained under erroneous jury charges in violation of his constitutional rights. In Ground Three, Petitioner alleges that his conviction was obtained by use of evidence procured from an unlawful arrest in violation of his constitutional rights. In Ground Four, Petitioner alleges that that he received ineffective assistance of appellate counsel based on appellate counsel's failure to raise the issues in Grounds One through Three on appeal. In Ground Five, Petitioner alleges that the penalties imposed against him constitute cruel and unusual punishment in violation of his constitutional rights. In Ground Six, Petitioner alleges that the state habeas court's adoption of the respondent's order violated his constitutional rights.[1] Because Petitioner's grounds are either procedurally defaulted or fail to state a claim, Petitioner is not entitled to relief.

## Grounds One, Two, Three, and Five

Because Petitioner did not raise Grounds One, Two, Three, and Five in his state habeas corpus petition, those grounds are both unexhausted and procedurally defaulted. A federal court may not consider an application for writ of habeas corpus on behalf of a person in state custody unless the petitioner has first exhausted his remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, a petitioner must "fairly presen[t] claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995). Although Petitioner raised the issues in Grounds One, Two, and Three in his state habeas corpus petition through claims of ineffective assistance of trial and appellate counsel, he did not raise the underlying claims themselves. As such, Grounds One, Two, and Three are unexhausted. Additionally, the record indicates that Petitioner did not raise Ground Five in his state habeas corpus petition. Accordingly, Ground Five is also unexhausted.

---

[1] Petitioner lists seven grounds in his petition; however, Grounds One and Five appear to be identical.

Petitioner's claim in Grounds One, Two, Three, and Five are not only unexhausted, but they are also procedurally defaulted. Were Petitioner to attempt to raise the issues in a second state habeas corpus petition, the state court would find the issues to be procedurally defaulted in accordance with Georgia's restriction on successive petitions, O.C.G.A. § 9-14-51, which provides that any grounds for relief not raised in the original or amended habeas corpus petition are deemed waived unless the court "finds ground for relief asserted therein which could not reasonably have been raised in the original or amended petition."  When the record makes it clear that an unexhausted claim would be barred by a procedural default under state law, courts may "treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1988).

Where, as here, procedural default bars litigation of a constitutional claim in a state court, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice, Engle v. Isaac, 456 U.S. 107, 129 (1982), or a showing that a fundamental miscarriage of justice would occur if the federal court did not consider the claim. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).  Petitioner has failed to allege or establish cause and prejudice for his default.  Likewise, there has been no showing that a fundamental miscarriage of justice would result if the claims are not addressed on the merits.  Accordingly, Petitioner is not entitled to relief on the claims set forth in Grounds One, Two, Three, and Five.

## Ground Four

In Ground Four, Petitioner alleges that he received ineffective assistance of appellate counsel because appellate counsel failed to attack a void and defective indictment, failed to attack an erroneous jury charge, and failed to attack Petitioner's unlawful arrest. Petitioner raised these arguments in his state habeas corpus petition. The state habeas court found that appellate

counsel raised what she believed to be the meritorious issues on appeal, and that Petitioner failed to show that appellate counsel's performance was deficient or that he was prejudiced by appellate counsel's performance.

The Sixth Amendment of the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy…the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel provision guarantees the accused the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). To prevail on a claim of ineffective assistance of counsel, the petitioner bears the burden of establishing by a preponderance of the evidence that: (1) his attorney's performance was deficient, *and* (2) he was prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). A petitioner must prove both prongs of the Strickland test to show his counsel was ineffective. Id.

To establish deficient performance, a petitioner must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). A strong presumption exists that counsel's performance was reasonable and the challenged action constituted sound trial strategy. Id. In order to establish that counsel's performance was unreasonable, a petitioner must show that no objectively competent counsel would take the action in question. Van Poyck v. Florida Department of Corrections, 290 F.3d 1318, 1322 (11th Cir. 2002).

To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 697; Meeks v. Moore, 216 F.3d 951, 960 (11th Cir. 2000).

Reasonable probability is defined as a "probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694). If a petitioner fails to prove that he has suffered prejudice, the court need not address the deficient performance prong of the Strickland test. Holiday v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

The requirements of Strickland also apply to a claim of ineffective assistance of appellate counsel. Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991). Appellate counsel cannot be found ineffective for failing to raise every non-frivolous defense. Chandler v. United States, 218 F.3d 1305, 1319 (2000). Counsel must use his or her judgment to determine which claims and arguments to emphasize, which may require counsel to rule out other non-frivolous claims and arguments. Id.

In this case, the state habeas court's finding that appellate counsel's choice of issues to raise or not to raise on appeal was reasonable is supported by the record. At the time appellate counsel represented Petitioner, appellate counsel held a contract with Bibb County to represent clients in appointed appeals. Doc. 17-1 at 6. Appellate counsel had represented clients in approximately thirty to forty felony trials and approximately fifty to one hundred appeals at that time. Id. In preparing Petitioner's appeal, appellate counsel reviewed the trial transcripts and spoke with the trial attorney, with Petitioner, and with the arresting officers. Id. at 8-10. After speaking with Petitioner, it became apparent that Petitioner's main concern regarding his appeal was a lack of probable cause for his arrest. Id. at 10-11. After interviewing officers and conducting research, appellate counsel determined that there was no merit to the issues surrounding Petitioner's arrest. Id.

After reviewing Petitioner's case and conducting research, appellate counsel raised the following issues on appeal: (1) the evidence was insufficient for venue as to one of the

aggravated assault counts; (2) the aggravated assault counts should have merged for purposes of sentencing; (3) the trial court erred by failing to properly instruct the jury on the use of hands as deadly weapons; (4) the state improperly commented on the veracity of a witness during its closing argument; and (5) trial counsel was ineffective for failing to raise and preserve certain issues for trial on appeal. Doc. 17-1 at 70-71. The record shows that appellate counsel's decision to raise only these issues on appeal was reasonable.

Moreover, Petitioner has failed to prove the prejudice prong of <u>Strickland</u>. Petitioner has failed to provide any factual support for his allegations. Petitioner's allegations are merely conclusory, as Petitioner has failed to show how the indictment was defective, how the jury charge was erroneous, or how his arrest was unlawful. There are no apparent defects on the face of the indictment (Doc. 17-1, pp. 116-119), which states the date, venue, and essential elements of each of alleged offense, in a manner consistent with the evidence presented at trial. Independent review of the trial court's jury instructions (Doc. 17-2, pp. 94-11) also fails to suggest any apparent defects reasonably likely to result in a reversal of the conviction. Furthermore, Petitioner's appellate counsel did in fact challenge the jury charge on direct appeal, with regard to the elements of the offense of aggravated assault, and that challenge was rejected by the Court of Appeals. As to the claim that Petitioner's arrest was unlawful, appellate counsel wrote to Petitioner and explained that she did not consider the issue to have merit, in light of a record showing that Petitioner was afforded a probable cause hearing subsequent to arrest. (Doc. 17-6, p. 80).[2] There is nothing in the record to indicate that any aspect of Petitioner's arrest could have required or supported the reversal of his conviction. As such, Petitioner has failed to show that the outcome of his appeal would have been different had appellate counsel raised the issues Petitioner lists. Because the state habeas court's holdings reflect a reasonable finding of the facts

---

[2] The record from the state habeas proceedings does not include a transcript of the probable cause hearing.

9

based on the trial transcripts and are consistent with clearly established federal law, Petitioner is not entitled to relief on the claim set forth in Ground Four.

### Ground Six

In Ground Six, Petitioner alleges that he was denied due process when the state habeas court adopted the respondent's final order. It is well established in the Eleventh Circuit that defects in state collateral proceedings do not provide a basis for federal habeas relief. See, e.g., Anderson v. Secretary for Department of Corrections, 462, F.3d 1319, 1330 (11th Cir. 2006). "[Although] habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief." Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004). Any alleged err by the state habeas court in adopting the respondent's final order does not assert a challenge to the validity of Petitioner's conviction or sentence. Accordingly, Petitioner is not entitled to relief on Ground Six.

### CONCLUSION

Because Petitioner has failed to demonstrate that any claim adjudicated on the merits in the state court resulted in a decision that was: (1) unreasonable in light of the evidence; or (2) contrary to or the result of an unreasonable application of clearly established federal law as determined by the United States Supreme Court, it is **RECOMMENDED** that his petition be **DENIED**.

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this

showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 28th day of March, 2013.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge