**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **JAMES EDWARD BOYD,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION NO. 5:11-CV-459 (MTT)** |
| | ) |
| **WARDEN J. DARRELL HART,** | ) |
| | ) |
| **Respondent.** | ) |
| | ) |

## ORDER

Before the Court is Magistrate Judge Charles H. Weigle's Recommendation to deny the Petitioner's 28 U.S.C. § 2254 petition seeking habeas corpus relief. (Doc. 19). The Petitioner raises six grounds for relief in his federal habeas corpus petition: (1) his conviction was obtained under a fatally defective indictment; (2) his conviction was obtained under erroneous jury charges; (3) his conviction was obtained by use of evidence procured from an unlawful arrest; (4) he received ineffective assistance of appellate counsel for his counsel's failing to raise Grounds One, Two, and Three on appeal, (5) the penalties he received as a result of his conviction constitute cruel and unusual punishment; and (6) the state habeas court's adoption of the Respondent's order violated his constitutional rights.

The Magistrate Judge recommends denying Grounds One, Two, Three, and Five because the Petitioner failed to raise these grounds in his state habeas petition, thus the grounds are "both unexhausted and procedurally defaulted." (Doc. 19 at 5). The Magistrate Judge recommends denying Ground Four because the Petitioner failed to establish the two prongs of *Strickland*: (1) his attorney's deficient performance and (2)

that he was prejudiced by the inadequate performance.  (Doc. 19 at 7-8).  Last, the Magistrate Judge recommends denying Ground Six because any potential error by the state habeas court in adopting the Respondent's final order is not a valid challenge to the Petitioner's conviction or sentence.  (Doc. 19 at 10).

The Petitioner has objected to the Recommendation.  (Doc. 20).  The Objection primarily consists of reiterations of his previous arguments.  However, the Petitioner objects to the Magistrate Judge's finding that he failed to exhaust Grounds One, Two, and Three at the state habeas level.  (Doc. 20 at 6).  He argues that the claims were presented to the state habeas court, and the state court simply failed to address the claims.

The Court has reviewed the Recommendation and the Objection, and the Recommendation is **adopted** with regard to Grounds Four, Five, and Six, and those grounds are **DENIED**.  As explained in more detail below, the Court agrees with the Petitioner that he adequately exhausted Grounds One, Two, and Three at the state habeas level.  Further, the Court finds that these grounds are not procedurally defaulted.  However, after a de novo determination, the Court finds that Grounds One, Two, and Three of the Petitioner's federal habeas petition are without merit; thus, Grounds One, Two, and Three are **DENIED**.

## I.  GROUNDS ONE, TWO, AND THREE WERE PROPERLY EXHAUSTED

"To properly exhaust a claim, the petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits."  *Kelley v. Secretary for Dept. of Corrections*, 377 F.3d 1317, 1343 (11th Cir. 2004) (internal quotations and citation omitted).  "The petitioner must present his claims to the state courts such that

they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon [the] constitutional claim.'"  *Id.* (quoting *Picard v. Connor*, 404 U.S. 270, 277 (1971)).

Here, the Petitioner's amended state habeas petition, in relevant part, reads as follows:

- "Ground One: Whether conviction [sic] obtained under a fatally defective and void indictment in violation of" the Petitioner's United States and Georgia constitutional rights;

- "Ground Two: Whether conviction [sic] obtained under erroneous jury charge for … aggravated assault charge(s) which were alleged in the indictment in violation of" the Petitioner's United States and Georgia constitutional rights; and

- "Ground Three: Whether conviction obtained by use of evidence obtained resulted from an unlawful arrest, where the state failed to provide a full and fair hearing on the merits of an [sic] warrantless arrest in violation of" the Petitioner's United States and Georgia constitutional rights.

(Doc. 20-2 at 1-2).  Below each "Ground," the Petitioner lists supporting facts.  Within the supporting facts for Grounds One, Two, and Three the Petitioner reiterates the substantive claim and writes: "*And* failure of appellate counsel to raise issue at Motion for New Trial and Direct Appeal renders ineffective assistance of counsel."  (Doc. 20-2 at 1-2) (emphasis added).

The state habeas court addressed the three grounds only in the context of ineffective assistance of trial counsel and appellate counsel claims.  The state habeas court failed to address the substantive merits of Grounds One, Two, and Three. (Doc. 9-3).  However, "[t]he written order of the state court is a starting, not an ending, point for our analysis of exhaustion."  *Ogle v. Johnson*, 488 F.3d 1364, 1369 (11th Cir. 2007) ("It

is too obvious to merit extended discussion that whether the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied cannot turn upon whether a state … chooses to ignore in its opinion a federal constitutional claim squarely raised….").

Here, the Petitioner's federal habeas petition raises the Grounds One, Two, and Three in the exact same language as the state habeas petition.  Eleventh Circuit case law is clear:

> Federal habeas petitioners are undoubtedly on their strongest footing with regard to the exhaustion requirement when their federal claims are carbon copies of the claims they presented to the state courts.  Such reproduction leaves no question that the claims presented to the federal court are the same as those that were presented to the state court.  But we do not demand exact replica. … We simply require that petitioners present their claims to the state courts such that the reasonable reader would understand each claim's particular legal basis and specific factual foundation.

*Id.*  Thus, the Petitioner afforded the state habeas court a "full and fair opportunity to address and resolve" Grounds One, Two, and Three on the merits; therefore, the Petitioner has properly exhausted the three claims.

## II.  GROUNDS ONE, TWO, AND THREE ARE NOT PROCEDURALLY DEFAULTED

The Recommendation further states that Grounds One, Two, and Three "are also procedurally defaulted."  (Doc. 19 at 6).[1]

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding."

---

[1] The Court notes that the Recommendation bases the procedural default analysis on the Georgia statute, O.C.G.A. § 9-14-51, prohibiting successive habeas petitions.  That analysis is premised on the Magistrate Judge's finding that the three grounds were not properly exhausted.  Thus, the Magistrate Judge, perhaps, did not intend to find that, even if the grounds had been properly exhausted, the claims would still be procedurally defaulted.  However, to be thorough, the Court will briefly address why Grounds One, Two, and Three are not procedurally defaulted.

*Picard*, 404 U.S. at 276.  "[C]laims which have never been presented to a state court or claims which were not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules." *Morefield v. Marshall*, 2009 WL 1158974, *2 (M.D. Ala.) (citing *Gray v. Netherland*, 518 U.S. 152, 161-63 (1996)); *see also Snowden v. Singletary*, 135 F.3d 732  (11th Cir. 1998) ("[I]t is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default we can … just treat those claims now barred by state law as [having] no basis for federal relief. … Federal courts may apply state rules about procedural bars to conclude that further attempts at exhaustion would be futile.")

However, here, the Court has found that the Petitioner presented his claims to the state habeas court; thus, he has properly exhausted his claims.  "Habeas petitioners [under § 2254] have one avenue to non-deferential federal review of their claims: if a petitioner has presented his claims to the state habeas court, but the state court did not address it, then a federal district court reviews those claims de novo." *Ogle v. Johnson*, 696 F. Supp. 2d 1345, 1353 (S.D. Ga. 2009).  *See also Cone v. Bell,* 556 U.S. 229 (2009) (same).  Accordingly, because the Petitioner's Grounds One, Two, and Three were properly presented to the state habeas court, and the state habeas court failed to rule on them, the Court will address the three claims de novo.

### III.  THE COURT'S DE NOVO REVIEW OF GROUNDS ONE, TWO, AND THREE

Because the Respondent argues, similar to the Magistrate Judge's recommendation, that Grounds One, Two, and Three are unexhausted and procedurally barred, he does not address the substantive merits of these claims.   But, it is clear that

it is the Petitioner's burden in a habeas proceeding to demonstrate, at least prima facie, facts establishing a constitutional violation. *Clayton v. Blackburn*, 578 F.2d 117, 120 (5th Cir. 1978).[2]   The Petitioner, arguably, has failed to allege facts sufficient to establish a constitutional violation on all three grounds.  Nonetheless, the Court will address the substantive merits of Grounds One and Two of the Petitioner's habeas petition.  As explained in more detail below, the Petitioner fails to allege facts sufficient to support a constitutional violation based on Ground Three of his habeas petition.

### A.  Ground One

The Petitioner contends he is entitled to habeas relief because his conviction was obtained under a fatally defective and void indictment in violation of his 5th, 6th and 14th Amendment rights.  (Doc. 1 at 6).  He argues that the indictment failed to charge all the essential elements and facts regarding his aggravated assault charges in counts two and three.  These alleged defects, the Petitioner contends, make his conviction invalid.  (Doc. 1 at 6).

Generally, substantive defects, such as an indictment's failure to allege conduct which constitutes a crime, are cognizable on habeas corpus because the entire proceedings would be void ab initio. *Hopper v. Hampton*, 244 Ga. 361, 361, 260 S.E. 2d 73, 74 (1979).  However, if a defect is merely one of form, the defect is waived if not raised prior to trial. *Id.*  Essentially, "[a]s long as the defendant is informed of the charges against him so that he may present his defense at trial and not be surprised by the evidence against him, as well as protect against another prosecution for the same

---

[2] The Eleventh Circuit has adopted as precedent decision of the Former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

offense, the indictment is sufficient." *Id.* (citing *Byers v. State*, 236 Ga. 599, 225 S.E.2d 26 (1976)).

As an initial matter, the Petitioner objected to the indictment prior to trial.  Thus, his allegation that the indictment was defective has not been waived.  (Doc. 17-4 at 4). In the indictment, the Petitioner was charged with one count of aggravated assault with intent to rape and one count of aggravated assault, both counts were indicted pursuant to O.C.G.A. § 16-5-21.  (Doc. 17-1 at 117).   The aggravated assault with intent to rape charge was supported by the following elements and facts:

> For that the said accused on or about the 11th day of December in the year 2004, in the State and County of aforesaid, did then and there with intent to rape, assault Chelsea Lowe by striking her and slapping her across the face with his hands and fists, contrary to the laws of said State, the good order, peace and dignity thereof … .

(Doc. 17-1 at 117).  The aggravated assault charge was supported by the following elements and facts:

> For that the said accused on or about the 11th day of December, in the year 2004, in the State and County aforesaid, did then and there unlawfully make an assault upon the person of Chelsea Lowe with his hands by choking and strangling her, said hands being objects, devices and instruments which when used offensively against a person is likely to or does result in serious bodily injury, contrary to the law of said State, the good order, peace and dignity thereof… .

(Doc. 17-1 at 117).

Pursuant to O.C.G.A. § 16-5-21 a person commits the offense of aggravated assault when he assaults: "(1) with the intent to murder, to rape, or to rob; (2) with a deadly weapon or with an object, device, or instrument which, when used offensively against a person does result in serious bodily injury; or (3) a person or persons without legal justification by discharging a firearm from within a motor vehicle toward a person

or persons." O.C.G.A. § 16-5-21 (a)(1)-(3).  Here, the indictment is not fatally defective.

Both charges track the language of the statute almost verbatim with supporting facts

related to the assault.  The indictment states who the Petitioner assaulted, when he

assaulted her, and the manner in which she was assaulted.  It is clear that the

indictment contains the necessary facts and elements to inform the Petitioner of the

charges against him in a manner permitting him to present a defense at trial.  Thus, the

indictment was sufficient and the Petitioner has failed to support Ground One of his

habeas petition.

### B. Ground Two

The Petitioner contends he is entitled to habeas relief because his conviction was

obtained under erroneous jury charges in violation of his 5th, 6th, and 14th Amendment

rights.  He argues the jury charges given on the aggravated assault were different than

the indicted aggravated assault charges.  Because of this, he contends, there is a

reasonable probability that the jury could have convicted him of committing the offenses

in a manner not alleged in the indictment.

The Petitioner fails to be specific as to the differences in the indictment's

aggravated assault charges and the trial court's aggravated assault jury charges.

Based on the record, the Court can only assume the Petitioner is referring to an

argument brought up by his former attorney in his motion for a new trial.  (Doc. 17-2 at

51).  In that motion, the Petitioner does not argue that the aggravated assault charge

given was wrong.  Instead, the Petitioner argued that the trial court failed to include in

the aggravated assault charge that "fists and hands" can be considered deadly

weapons for purposes of proving an essential element of aggravated assault.  (Doc. 17-

2 at 59).[3]  Though the indictment contained reference to the Petitioner's hands used to choke and strangle the victim, the indictment contains no reference to the use of his fists or hands as "deadly weapons" and no jury instruction was given to "indicate that fists or hands could be considered deadly weapon within the meaning of the aggravated assault statute."  (Doc. 17-2 at 60).

This argument does not entitle the Petitioner to habeas relief.  To be clear, it is well settled that hands (and feet) can be used as deadly weapons for purposes of an aggravated assault charge under O.C.G.A. § 16-5-21(a)(2).  *See Lewis v. State*, 317 Ga. App. 218, 735 S.E.2d 1(2012); *see also Dixon v. State*, 268 Ga. 81, 82-83, 485 S.E.2d 480 (1997) ("Although hands and feet are not considered per se deadly weapons within the meaning of O.C.G.A. § 16-5-21(a)(2), the jury may find them to be so depending on the circumstance surround their use....").   However, the Petitioner points to no case law supporting his contention that an aggravated assault indictment must reference hands as a deadly weapon or that a jury must be charged to that effect. Indeed, the statutory language of O.C.G.A. § 16-5-21(a)(2) does not require that the defendant use a deadly weapon.  In fact, the language states that aggravated assault under subsection (2) is assault "with a deadly weapon *or with an object, device, or instrument which when used offensively against a person does result in serious bodily injury*."  O.C.G.A. § 16-5-21(a)(2) (emphasis added).  Further, the Georgia Court of Appeals has made clear that no reference to a "deadly weapon" is required in an indictment for aggravated assault.  *See Crider v. State*, 246 Ga. App. 765, 542 S.E.2d

---

[3] It is difficult to see how the Petitioner could be prejudiced by the trial court's failure to charge that hands may be considered dangerous weapons for purposes of an aggravated assault charge.  Though not clear, the Petitioner could be contending that a jury would have to find that his hands were deadly weapons to convict him of aggravated assault.  If this is his contention, it too is without merit.

163 (2000) ("An indictment charging that the defendant's fists were likely to result in serious bodily injury is sufficient, and no reference to deadly weapon was required.").

Consistent with *Crider* and the statutory language of the aggravated assault statute, the Court finds no error in the trial court's failure to include a reference to "deadly weapon" in the aggravated assault jury charge given at the Petitioner's trial. The Petitioner has failed to show that the aggravated assault jury charges were erroneous. Further, he has failed show that his constitutional rights were violated because of the jury charges. Thus, the Petitioner has failed to support Ground Two of his habeas petition.[4]

### C. Ground Three

The Petitioner contends he is entitled to habeas relief because his conviction was obtained by using evidence seized from an unlawful arrest in violation of his 4th, 5th, 6th, and 14th Amendment rights. Specifically, he argues that evidence presented at trial was obtained under a warrantless arrest. (Doc. 1 at 8). The Petitioner provides no further argument, information, or case law to support his contention. The Petitioner fails to explain why his arrest was unlawful. The Petitioner fails to allege what evidence was wrongfully seized. The Petitioner fails to explain how presentation of allegedly unlawfully seized evidence was prejudicial at trial. The Petitioner fails to explain how any of his constitutional rights were violated because of the use of this evidence.

It is the Petitioner's burden in a habeas proceeding to demonstrate, at least a prima facie, those facts that establish a constitutional violation. *Clayton*, 578 F.2d at

---

[4] If the Petitioner was, in fact, referring to a different challenge to the jury charges, he fails to adequately carry his burden. He alleges no legal or factual basis for any other challenge to the trial court's aggravated assault jury charges.

120.  With regard to Ground Three, the Petitioner has not carried his burden because he has failed even allege the basic facts necessary to establish a constitutional violation.

### VI. CONCLUSION

The Court has conducted a de novo review of Grounds One, Two, and Three of the Petitioner's habeas petition.   The Court finds Grounds One, Two, and Three meritless, and those grounds are **DENIED**.  Further, the Court adopts the Magistrate Judge's Recommendation with regard to Grounds Four, Five, and Six, and those grounds are **DENIED**.  Accordingly, the Petitioner's § 2254 habeas petition is **DENIED**.

Further, the Petitioner is **DENIED** a Certificate of Appealability.  Pursuant to 28 U.S.C. § 2253(c), a COA may be issued only if the Petitioner has made a substantial showing of the denial of a constitutional right.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  The Court finds that the Petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED**, this 1st day of July, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT